UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ARTHUR JERRY SCOTT JR., | : | Case No. 1:23-cv-102 |
| Plaintiff, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| ODRC OHIO DAPARTMENT CORRECTION, *et al.*, | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

Arthur Jerry Scott Jr., a state prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights action with this Court. (*See* Amended Complaint, Doc. 10). He alleges that he was stabbed by another inmate while in custody at Lebanon Correctional Institution, and that he was discriminated against because of his background and sexual orientation. (*Id*., PageID 58).

The matter is before the Court for an initial screening of the Complaint under 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). Because neither of the Defendants sued in the Amended Complaint are proper defendants in a claim brought under 42 U.S.C. § 1983, the case should be dismissed. However, Plaintiff may submit a Second Amended Complaint raising his claims against proper defendants within thirty days. If he fails to do so, the case should be dismissed.

**I.    Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Doc. 9), the Court

is required to conduct an initial screening of his complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). Here, the Court considers Plaintiff's Amended Complaint. (Doc. 10; *see also* Doc. 9, PageID 51 (noting that the Amended Complaint supersedes the original Complaint)).

The Court must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory."

*Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

**II.     Parties and Claims**

Plaintiff Arthur Scott Jr. is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction (ODRC), currently incarcerated at Southern Ohio Correctional Facility. (Doc. 10, PageID 54). He was in custody at Lebanon Correctional Institution (LeCI) in April 2022, when he "was stabbed by inmate Jefferson inside" their cell. (Doc. 10, PageID 58). The Statement of Claim in the Amended Complaint reads, in its entirety:

> On April 26th 2022 i was stabbed by inmate Jefferson inside our cell cell 6 on 12 block Lebanon Correctional[.] i was Denied my right to press charges on my attacker and also I felt discriminated against due to past mistakes in my background and being gay.

(Doc. 10, PageID 58).

Plaintiff sues the ODRC and Inmate Jefferson. (Doc. 10, PageID 54, 57). He asks the Court for fair compensation for his injuries. (*Id.*, PageID 59).

**III.     Discussion**

Plaintiff appears to bring his claims under 42 U.S.C. § 1983, which requires him to plead "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). (*See* Original Complaint, Doc. 1-1, PageID 11 (citing § 1983)). He cannot succeed in a § 1983 claim against either the ODRC or Inmate Jefferson.

First, the ODRC is not a "person" who can be sued under § 1983. *See Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22,

3

2019) (noting "multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983."); *Peeples v. Ohio Dep't of Rehab. & Corr.*, 64 F.3d 663 (6th Cir. 1995) (affirming the district court's dismissal of suit against the ODRC that held that "the ODRC is not a 'person'") (unreported table case); *Latham v. Ohio Parole Board*, No. 1:15-cv-488, 2015 WL 5905833, at *2 (S.D. Ohio Sept. 16, 2015), *report and recommendation adopted*, 2015 WL 5882979 (S.D. Ohio Oct. 7, 2015) ("Plaintiff's complaint also fails to state a claim for relief under § 1983 against defendant ODRC, as this defendant is not a person under § 1983."). Because the ODRC is not a "person," Plaintiff cannot establish that it was a person acting under color of state law who caused the deprivation of his rights as required by § 1983.

Second, while Inmate Jefferson is a "person," there are no grounds for finding that he is "a person acting under color of state law." *Hunt*, 542 F.3d at 534. A § 1983 claim is generally not available against private actors. *Weser v. Goodson*, 965 F.3d 507, 515-16 (6th Cir. 2020). While there are exceptions to this rule, *id.* at 516, Plaintiff does not raise any. Therefore, any claims against Inmate Jefferson under § 1983 should be dismissed. *See Perdue v. Ohio Dep't of Corr.*, No. 1:13-cv-878, 2014 WL 661707, at *3 (S.D. Ohio Feb. 19, 2014) (dismissing § 1983 claim against inmates where the complaint did not allege that inmates acted under color of state law); *Lane v. Warden, Noble Corr. Inst.*, No. 2:20-cv-5492, 2022 WL 160061, at *3 (S.D. Ohio Jan. 18, 2022) (dismissing § 1983 claim against a fellow inmate, because he was "a private party, he did not act under color of law and therefore is outside the scope of Section 1983").

The Undersigned notes that in Plaintiff's original Complaint, he additionally named Lebanon Correctional Institution and Warden Harris as defendants. (Doc. 1-1, PageID 10-11). They were not included as defendants in the Amended Complaint. (Doc. 10, PageID 57). Had they been included, the claims against them would also fail.

Like the ODRC, Lebanon Correctional Institution is not a "person" and is not subject to suit under § 1983. *Kitchen v. Lucasville Corr. Inst.*, No. 1:22-cv-500, 2022 WL 5437346, at *4 (S.D. Ohio Oct. 7, 2022), *report and recommendation adopted*, 2023 WL 318104 (S.D. Ohio Jan. 19, 2023) (and cases cited therein) ("A prison is not a 'person' under this statute").

Warden Harris is a person, but there are no allegations in the Amended Complaint that he was personally involved in these events. "It is well settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct." *Williams v. Hodge*, No. 3:08-cv-387, 2009 WL 47141, at *3 (M.D. Tenn. Jan. 7, 2009) (citing *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992)). In other words, Warden Harris cannot be held responsible simply because he was the Warden at the institution where the events allegedly occurred. *Williams,* 2009 WL 47141, at *4 (defendant's position as warden "cannot form the basis for a claim of individual liability").

> "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability." *Hinton v. Skipper*, No. 1:21-cv-480, 2021 WL 4859744, at *2 (W.D. Mich. Oct. 19, 2021) (citing *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); and *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)). Rather, individuals sued in their personal capacity under § 1983 are liable only for their own unconstitutional behavior. *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011)).
>
> Similarly, "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). For such a claim to proceed, "a plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020)) (cleaned up). [Plaintiff] has not pled any such facts here.

*Carswell v. Edwards*, No. 2:23-cv-167, 2023 WL 3114708, at *5 (S.D. Ohio Apr. 27, 2023), *report and recommendation adopted,* 2023 WL 3653319 (S.D. Ohio May 24, 2023).  The same is true here; the Amended Complaint does not give any reasons why Warden Harris could be held responsible.

Although the details in the Amended Compliant are few, Plaintiff recently submitted a letter to the Court providing the following information:

> On April 26th 2022 11:30 am Lebanon Correctional Institution I was stabbed by Inmate Jefferson who at the time was my cell mate. I was then escorted to the nurse. I was stabbed right above my left eye. They took pictures then stitched me up. I was escorted to the Captain's office and informed that I would be going into an investigation. I was sent to the hole. I did 3 days before I was set to be release[d] back to the compound. I had no idea where the investigation went. I was denied my right to press charges. I would tell staff that I would be getting threats from gang members due to the fact that I was gay and at one point celled with an active gang member. Officers would put me at risk by telling other inmates of a PREA ticket I had at Madison Correctional Institution. However at Lebanon Correctional my PREA status made it hard for me to be housed in Protective Control or housed with the other gay inmates. I feel that I was being treated differently because of being gay and my PREA status which put me at risk to be harmed and even though I would let the proper staff know I was being targeted and put at risk I still was denied protective-control and they continued to try and release me back to the same compound as my attacker putting my life in danger. I ask that the courts can consider my mental state and the main fact that I was stabbed and ODRC failed to protect me.

(Doc. 7, PageID 45 (punctuation and capitalization added for clarity)).[1]

From this description, it appears that Plaintiff may wish to raise a claim under the Eighth Amendment against staff members at LeCI for failing to protect him.  *See* U.S. CONST. amend. VIII; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984) (under the Eighth Amendment, prison

---

[1] Plaintiff previously tried to raise this claim in North Carolina.  (*See* Doc. 1, PageID 1 herein, where Plaintiff noted that he "had filed in the north carolina district from Ohio . . . they . . . told me to File the Proper paperwork in the southern district of Ohio.").  *See also Scott v. Lebanon Correctional Institution,* No. 1:22-cv-991 (M.D.N.C.); *Scott v. Ohio Department of Rehabilitation and Correction State*, No. 1:22-cv-1010 (M.D.N.C.); and Scott v. ODRC State, No. 1:22-cv-1011 (M.D.N.C.)—all dismissed without prejudice to filing a proper § 1983 complaint in the proper district.

officials have an obligation "to take reasonable measures to guarantee the safety of the inmates" in their custody."). However, because Plaintiff has not included these facts in his Amended Complaint, and because he has not identified and sued any of the staff members who allegedly failed to protect or discriminated against him, he has failed to state a claim on which relief may be granted.

The Court will give Plaintiff an additional opportunity to proceed.[2] Plaintiff may file a Second Amended Complaint **within thirty days** describing any failure to protect claim under the Eighth Amendment or equal protection claim under the Fourteenth Amendment.

If Plaintiff does not file a Second Amended Complaint within thirty days, the operative complaint in this case, the Amended Complaint (Doc. 10) should be dismissed in its entirety for failure to state a claim upon which relief may be granted.

## IV. Conclusion

As currently presented, Plaintiff's Amended Complaint does not state a claim against either of the named Defendants. 28 U.S.C. §§ 1915A(b) and § 1915(e)(2). (Doc. 10). If Plaintiff

---

[2] As one court said:

> In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of a plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how the plaintiff himself was personally injured by the challenged conduct or condition, *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Allegations premised upon mere conclusions and opinions fail to state an adequate claim, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and bare and conclusory allegations that a defendant personally deprived the plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim. *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).
>
> Furthermore, a complaint filed under § 1983 must also show a causal connection between the named defendants and the alleged constitutional deprivation. A § 1983 complaint must allege that specific conduct by the defendants was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986).

*Allen v. Aramark Corp.*, No. 3:07-cv-260, 2009 WL 1126093, at *3 (W.D. Ky. Apr. 27, 2009).

7

would like to proceed with his claims, he is **ORDERED** to submit a Second Amended Complaint naming appropriate defendants and providing sufficient information about his apparent failure to protect and equal protection claims. He shall do so **within thirty days** of the date of this order. To assist Plaintiff, the Clerk of Court is **DIRECTED** to send him a blank copy of the prisoner complaint form for his use.

If Plaintiff fails to submit a Second Amended Complaint within thirty days, the Undersigned **RECOMMENDS** that this Court **DISMISS** the operative complaint (Doc. 10) in its entirety for failure to state a claim.

Plaintiff is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

V.      **Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a

waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    **IT IS SO ORDERED.**


June 9, 2023                                            *s/Stephanie K. Bowman*
                                                         STEPHANIE K. BOWMAN
                                                         UNITED STATES MAGISTRATE JUDGE